# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

_____

CASE NO. 3:08-cr-269-J-32JRK

_____

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

*vs.*

**JOSEPH WILLIAMS,**

    *Defendant.*

_____/

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, JOSEPH WILLIAMS, by and through his undersigned counsel, and pursuant to U.S.S.G. § 6A1.2-3, p.s., Fed. R. Crim. P. 32 (d), (e)(2) and (f), and the Fifth Amendment to the United States Constitution, respectfully files his Memorandum in Aid of Sentencing and states as follows:

### I.

### PREFACE

After years of mandatory sentencing guidelines, the Supreme Court has restored the traditional power of federal district court judges to impose individualized sentences that are not greater than necessary to satisfy the statutory purposes of

sentencing. The federal district court can now consider all of the characteristics of the offender, circumstances of the offense and reject advisory guidelines.

## II.

## OBJECTIONS TO THE ADVISORY SENTENCING GUIDELINE COMPUTATION

The Defendant respectfully objects to the PSI, p.5, ¶ 30, Adjustment for Role in the Offense and for failure to include the additional two point reduction for safety-valve.

The parties have reviewed the offense conduct attributable to the Defendant and it appears that a role enhancement for this defendant is not clearly warranted. Specifically, the Defendant directly received all the packages of marijuana. On a few occasions fellow purchasers of marijuana wired their funds as well as those of the defendant to the sources in Texas for their joint purchase of marijuana. Accordingly, the actions of the Defendant do not warrant a role adjustment in this case.

Without a role adjustment the Defendant meets all of the criteria under U.S.S.G. § 5C1.2 (18 U.S.C. § 3553(f)), also known as the safety valve provision, and accordingly a two level reduction should be included in the advisory guideline calculation.

The PSI should now be amended as follows:

Base Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Safety Valve Adjustment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2

Adjustment for Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . -3

Total Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Criminal History Category I

Guideline Range . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70 - 87 months

The Government does not object to the proposed objections to the advisory sentencing guidelines as set forth above.

### III.

**THE DEFENDANT MERIT'S SENTENCING LENIENCY (WHETHER LABELED VARIANCE OR DEPARTURE) AS A CONSEQUENCE OF EXTRAORDINARY REHABILITATION, FAMILY CIRCUMSTANCES AND OTHER MATTERS**

A.  <u>**The Defendant's extraordinary rehabilitation**</u>

The offense conduct in this case occurred during a two year period from 2004 to 2005 when the defendant was around 25 years old. By the time the Defendant was arrested in 2008 he had ceased his previous criminal conduct and had embarked on a music career. Since his arrest the Defendant has continued to be engaged in this career which has continued to flourish.

Many of the defendants who appear before this Court have only ceased their criminal conduct and behavior because of their arrest and, in some cases, their incarceration. In the instant cases it is important to note that this Defendant had voluntarily left his life of crime fostered by his sibling and his environment and had decided to focus his energies on a music career. Since being released on bond this Defendant has continued his rehabilitative efforts by continuing to be gainfully employed while not committing any further violations including, and very importantly, testing positive for any drug use.

### B.     Family Circumstances

As noted in the PSI, the Defendant was lured into his criminal conduct by his sibling who has since become paralyzed after being shot in a home invasion. Eventually the Defendant was able to straighten himself out and make better moral judgments.

In addition, the Defendant has one son with his fiancee. He is the primary breadwinner for his minor son who suffers from autism. The Defendant has a very close relationship with the child and his mother and fiancee.

### IV.

### ANALYSIS OF SECTION 3553(A) SENTENCING FACTORS

In summary, the Defendant respectfully invites consideration of the following

analysis of the statutory sentencing factors.

### A. Section 3553(a)(1): the nature and circumstances of the offense and the history and characteristics of the defendant.

#### 1. The offense.

The Defendant, through the encouragement of his sibling, became a marijuana dealer and, on one occasion, an aborted attempt to broker a cocaine transaction (he was brokering one kilo of cocaine but was aware that the source had a total of five kilos). This criminal conduct lasted for approximately two years. His co-defendant, Edjar Chacon, worked directly for the sources of marijuana in Texas as a transporter of large quantities of marijuana to Florida and other places. The government held him responsible for distributing between 100 to 400 kilos of marijuana. The defendant herein was held responsible for distributing less than 100 kilos of marijuana as well as the five kilos of cocaine that the source had in the cocaine transaction which did not go through. A review of the offense conduct reveals that the Defendant, for the most part, was a non-violent marijuana dealer.

#### 2. History and characteristics of the Defendant.

The Defendant was raised by his single mother and was smart enough and athletic enough to earn a basketball scholarship to a university in New York. Sadly, his older brother encouraged him to return to his home to help him with his music business which was funded by his separate drug business. Unfortunately, the

Defendant eventually became involved in both. However, and notably, the Defendant subsequently made the decision to leave the drug business and focus on his passion -- his music career. This became a turning point in his life and it seemed that he would embark on a successful music career when his past came back to haunt him as he was arrested for his involvement in the instant case. Undeterred, the Defendant has continued his path as a musician and singer.

Meanwhile, the Defendant has had a long relationship with his fiancee who bore him his only child. The Defendant gladly supports them both financially and emotionally. His child, age 7, is autistic which is a challenge for his young parents.

> **B.    Section 3553(a)(2): the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; the need for deterrence.**

A sentence that includes some incarceration followed by community confinement and supervised release would reflect the seriousness of the offense, promote respect for the law and provide just punishment as well as deterrence.

However, the length of imprisonment need not be lengthy to accomplish those goals nor should alternatives to incarceration be ignored or dismissed. In fact, several justices of the Supreme Court have suggested that alternatives to incarceration should always be considered.

> **C.    Section 3553(a)(2)(C): the need to protect the public from further**

**crimes of the defendant.**

As noted above, the Defendant voluntarily ceased his criminal conduct prior to his arrest and has remained free of any violations or drug use since his release on bond further confirming his rehabilitative efforts. In addition, a term of home confinement and/or supervised release would sufficiently provide a means to monitor the defendant.

**D.    Section 3553(a)(6): the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

But for his brief and aborted involvement in the cocaine transaction the Defendant would be facing an advisory guideline sentence of 30 to 37 months. His co-defendant, Edgar Chacon, who worked directly for the sources in Texas and who was held responsible for a larger amount of marijuana received a 20 month sentence.

**E.    Section 3553(a)(2)(D): the need to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.**

It bear repeating that the Defendant's last criminal conduct occurred around May of 2005, more than five years ago. Since that time the Defendant has been gainfully employed. The Defendant does not require particularized education or vocational training.

A number of courts have utilized the provisions of this section of the governing

sentencing statute to focus on the rehabilitative ideal inherent in the punishment process. The Eleventh Circuit had recent occasion to address this very issue in affirming a particular sentence.

> The district court correctly based its sentence in part on Ross's rehabilitation because "in determining the particular sentence to be imposed," a court is required to consider "the need for the sentence imposed ... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Ross's sentence is reasonable.

*United States v. Ross*, 2010 WL 2600640, *1 (11th Cir. 2010). Consequently, (1) this Defendant has a job awaiting him, and (2) he voluntarily ceased his criminal conduct approximately five years ago. While the Court has the duty to consider the need for "treatment," it is clear that a lengthy prison sentence is not necessary to promote rehabilitation. Although a sentence will be imposed, the rehabilitation occurred and actually occurred prior to arrest.

Although employment history ordinarily is a discouraged basis for departure, See U.S.S.G. § 5H1.5, p.s., neither the Sentencing Guidelines nor precedent categorically preclude the district court's consideration of employment history in making its sentencing decision. As the Supreme Court has made clear, although it is clearly not bound by the guidelines, the Sentencing Commission "chose to prohibit consideration of only a few factors, and not otherwise to limit, as a categorical matter,

8

the considerations which might bear upon the decision to depart." See Koon v. United States, 518 U.S. 81, 94 (1996); see also U.S.S.G. Ch. 1, Pt. A, intro. comment. 4(b) (indicating Commission "does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guidelines, that could constitute grounds for departure in an unusual case").

## V.

## CONCLUSION

The parsimony provision serves as the guidepost for sentencing decisions post-Booker. The parsimony provision requires the district court to impose the least severe sentence necessary to satisfy the four purposes of sentencing enumerated in the statute. The Defendant and his family appreciate the Court's consideration.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of September, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Respectfully submitted,

**ROJAS & OLIVA, P.A.**
**Attorneys for the Defendant**
**Fountain Square**
**15800 Pines Boulevard**
**Suite 206**
**Pembroke Pines, Florida  33027**
**(305) 373-6868**
**ruben@rojasoliva.com**


By:   /s Ruben Oliva
         RUBEN OLIVA, ESQ.
         F.B.N. 626074